## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

ANGELA ESLINGER,                )
                                )
             Plaintiff,         )
                                )
v.                              )        No.: 26-3091-SEM-DJQ
                                )
                                )
SONS OF SILENCE, *et al.*,      )
                                )
             Defendants.        )

### MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff Angela Eslinger, proceeding *pro se*, is an inmate with the Illinois Department of Corrections ("IDOC") who is housed at the IDOC's Logan Correctional Center ("Logan"). The Court granted Plaintiff leave to proceed *in forma pauperis*, and the case is now before the Court for a merit review of Plaintiff's claims contained within her Complaint.

Because Plaintiff is a prisoner for purposes of the Prison Litigation Reform Act ("PLRA"), the Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Complaint and, through such process, to identify and to dismiss any legally insufficient claim or the entire action if warranted. A claim is legally insufficient if it "(1) is

1

frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

In her Complaint, Plaintiff indicates that she is suing the named Defendants for violating her rights under federal law. As such, Plaintiff must maintain her claim(s), if at all, under 42 U.S.C. § 1983. Section 1983 creates personal liability for a state official's own acts, not the decisions of someone else. To establish liability under section 1983, "the plaintiff must show that the relevant official 'caused the constitutional deprivation at issue' or 'acquiesced in some demonstrable way in the alleged constitutional violation.'" *Gonzalez v. McHenry County*, 40 F.4th 824, 828 (7th Cir. 2022) (quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir.

2003)). Put another way, a plaintiff must allege that the individual defendant "'caused or participated in a constitutional deprivation.'" *Craddock v. Pfister*, 2022 WL 1499808, * 4 (N.D. Ill. 2022) (quoting *Pepper v. Village of Oak Park,* 430 F.3d 805, 810 (7th Cir. 2005)). "In order to succeed in a § 1983 suit, a plaintiff must establish not only that a state actor violated his constitutional rights, but also that the violation caused the plaintiff injury or damages." *Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011).

Here, Plaintiff has not named a "state actor" who allegedly violated her Constitutional rights. Instead, Plaintiff has named a private organization and its members as Defendants. In addition, it appears that Plaintiff has sued these individuals for wrongs committed against her before she became an IDOC prisoner. Therefore, there is no basis in the Complaint upon which the Court could conclude that these private citizen Defendants could be considered state actors for purposes of § 1983. *Spiegel v. McClintic,* 916 F.3d 611, 616 (7th Cir. 2019 ) (holding that, to bring a § 1983 case against a private citizen, a plaintiff must show "evidence of a concerted effort" between the private citizen and a state actor. "Mere allegations of joint action or a conspiracy do not demonstrate that

3

the defendants acted under color of state law and are not sufficient to survive a motion to dismiss.").

Furthermore, Plaintiff's claim(s) against the United States of America fails as a matter of law. Absent consent, "federal sovereign immunity bars suits against the United States, including suits against federal agencies or federal officials in their official capacities." *Morgan v. Federal Bureau of Prisons*, 129 F.4th 1043, 1049 (7th Cir. 2025); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Plaintiff has failed to identify a waiver that would allow her to sue the United States. Therefore, Plaintiff's attempt to sue the United States fails as a matter of law.

Despite these deficiencies with Plaintiff's Complaint, the Court is cognizant that courts should (generally) give a *pro se* plaintiff an opportunity to try to amend his Complaint before the Court dismisses his case. *Johnson v. Piontek*, 799 F. App'x 418, 420 (7th Cir. 2020) ("Courts should grant *pro se* litigants leave to amend a complaint at least once, unless it is certain from the face of the complaint that amendment would be futile or otherwise

4

unwarranted."). The Court will afford Plaintiff such an opportunity in this case. Notably, the Court is concerned with Plaintiff's allegation that she has been "rape[d] day and night since [she] arrived at Logan." D/E 1. If this allegation is true, Plaintiff's Constitutional rights have clearly been violated, and this allegation would support a Constitutional claim against Plaintiff's alleged rapist(s).

Accordingly, if Plaintiff files a proposed amended complaint, Plaintiff should pay attention to the dictates of this Order and should identify the person or persons who allegedly violated her Constitutional rights, and Plaintiff should allege how that person or those persons violated her Constitutional rights. If Plaintiff does not comply with this Order or if she does not submit a proposed amended complaint timely, the Court will dismiss this case.

Finally, the Court notes that the United States District Court for the Southern District of Illinois transferred this case to this Court pursuant to 28 U.S.C. § 1391(b). Before doing so, the United States District Court for the Southern District of Illinois sealed Plaintiff's Complaint. That Court sealed Plaintiff's Complaint

temporarily "due to allegations of life-threatening abuse set forth therein." D/E 5.

However, the record does not indicate that Plaintiff asked that her Complaint be sealed. "What happens in the federal courts is presumptively open to public scrutiny." *Hicklin Eng'g v. Bartell,* 439 F.3d 346, 348 (7th Cir. 2006) (abrogated on other grounds). Sealing pleadings and documents that are filed in federal courts is disfavored because there is a presumption that documents affecting the disposition of litigation should be open to public view. *Nixon v. Warner Comm'n., Inc.,* 435 U.S. 598, 597 (1978).

Although the Court appreciates the United States District Court for the Southern District of Illinois' concern with the allegations made by Plaintiff in her Complaint, the Court must determine that good cause exists prior to sealing any part of the record. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 944 (7th Cir.1999). "It is not enough to merely assert that disclosure would be harmful; a party must explain how disclosure would cause harm. Moreover, simply designating information as confidential is insufficient to permit under-seal filing." *Benson v. City of Indianapolis,* 2025 WL 3637013, * 1 (S.D.

6

Ind. 2025) (citing *Baxter Int'l, Inc. v. Abbott Labs,* 297 F. 3d 544,

547 (7th Cir. 2002)); *Union Oil Co. of Cal. V. Leavell,* 220 F. 3d 562,

567 (7th Cir. 2000)). "The party seeking to seal items has the burden

of showing cause and must 'analyze in detail, document by

document, the propriety of secrecy, providing reasons and legal

citations.'" *EEOC v. Abbott Labs.,* 2012 WL 2884882, * 1 (E.D. Wis.

July 12, 2012) (citing *Baxter,* 297 F.3d at 548).

As noted *supra,* Plaintiff did not ask any court to seal her

Complaint. Accordingly, Plaintiff has not demonstrated good cause

to keep her Complaint under seal. Moreover, although her

allegations are troubling, the currently named Defendants are not

state actors and cannot directly harm Plaintiff because they do not

work at or reside at Logan. Therefore, there is no basis upon which

to keep Plaintiff's Complaint sealed.

**IT IS, THEREFORE, ORDERED:**

1.    **The Clerk of the Court is directed to unseal Plaintiff's Complaint.**

2.    **Based upon the merit review of Plaintiff's Complaint that is required by 28 U.S.C. 1915A, the Court finds that**

**Plaintiff's Complaint fails to state a claim upon which relief can be granted.**

3.    **Plaintiff is given twenty-one (21) days from the date of this Order to file a proposed amended complaint that complies with the dictates of this Order.**

4.    **If Plaintiff fails to file a proposed amended complaint by this deadline, the Court will dismiss this case.**

Entered this 9th day of April, 2026

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE

8