**UNITED STATES DISTRICT COURTS**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| ANGELA ESLINGER, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 26-3091-SEM-DJQ |
| ) | |
| SONS OF SILENCE, et al., ) | |
| Defendants. ) | |

### ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff Angela Eslinger, proceeding *pro se* and currently in custody at Logan Correctional Center, filed the original Complaint (#1) in this case on March 11, 2026. The court subsequently entered a Merit Review Order (#13), finding that Plaintiff had failed to state a claim and granting 21 days to replead. Plaintiff has now filed an Amended Complaint (#17), so the court proceeds once more to a merit review.

### BACKGROUND

Plaintiff's Amended Complaint proves difficult to parse. She alleges that an organization known as the Sons of Silence put a

1

"hit" on her, which was executed daily and nightly by inmate members of the club.

Plaintiff also alleges that she has "been hit/harassed/raped falsely accused and violated sexually," though she does not say by whom. She sent a complaint to the John Howard Association about the 70 sexual batteries she suffered, but she was only sent a standard form in response.

Plaintiff raises a series of allegations that appear to relate to her underlying criminal proceedings. Namely, she filed an appeal to the Edgar County Courthouse but was ignored. And her petition of actual innocence was not taken seriously.

Plaintiff takes exception to certain practices within the prison as well. She complains of graffiti on the walls and alleges that a tariff is being imposed on "state pay." Plaintiff writes "excessive force" in one bullet point in her Amended Complaint, but never expounds on that.

Other allegations in the Complaint skew more fanciful. Plaintiff alleges that the Sons of Silence have been conducting seances in the prison. She also maintains that a "secret society"

known as Mastery of Masons has been operating within the prison's walls. Plaintiff is concerned that Masons are being bused into the prison from other areas. Plaintiff also makes a vague reference to "kill[ing] or poach[ing] human."

### Analysis

Pursuant to 28 U.S.C. § 1915A, the court must "screen" Plaintiff's complaint and, through such process, identify and dismiss any legally insufficient claim or the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiff has again failed to state a claim. As explained in the Court's prior Order, to establish liability under section 1983, "the plaintiff must show that the relevant official 'caused the constitutional deprivation at issue' or 'acquiesced in some demonstrable way in the alleged constitutional violation.'" *Gonzalez v. McHenry County*, 40 F.4th 824, 828 (7th Cir. 2022) (quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)). Put another way, a plaintiff must allege that the individual defendant "caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 805, 810 (7th Cir. 2005). Plaintiff's Amended Complaint does not even name an individual associated with the prison, let alone one who might be held liable for the harm Plaintiff has suffered.[1]

The primary targets of Plaintiff's allegations seem to be the Sons of Silence and the Mastery of Masons, societies or clubs operating within the prison. But, setting aside the question of what these organizations may have done to deprive Plaintiff of her

---

[1] Nor is it at all clear who Plaintiff seeks to hold responsible for ignoring her appeal or not taking seriously her actual innocence claim.

constitutional rights, there is no plausible inference to be drawn that they might be considered "state actors" for the purposes of attaching liability under section 1983. See *Manzanales v. Krishna*, 113 F. Supp. 3d 972, 980 (N.D. Ill. 2015) ("Section 1983 encompasses government employees and, under certain circumstances, also non-government employees who are employed by a private entity but provide services to the government.").

As the Court noted in its prior Order, courts should generally allow *pro se* litigants an opportunity to amend their complaint before dismissing a case. See *Johnson v. Piontek*, 799 F. App'x 418, 420 (7th Cir. 2020) ("Courts should grant *pro se* litigants leave to amend a complaint at least once, unless it is certain from the face of the complaint that amendment would be futile or otherwise unwarranted."). The patent deficiencies of the original Complaint notwithstanding, the Court granted Plaintiff leave to amend. In doing so, the Court wrote:

> [I]f Plaintiff files a proposed amended complaint, Plaintiff should pay attention to the dictates of this Order and should identify the person or persons who allegedly violated her Constitutional rights, and Plaintiff should allege how that person or those persons violated her Constitutional rights. If

Plaintiff does not comply with this Order or if she does not submit a proposed amended complaint timely, the Court will dismiss this case.

Plaintiff's Amended Complaint suffers from the same fundamental shortcomings as her original pleading. She has not complied with the Court's clear instructions. Furthermore, the Court is concerned by the increase in frivolous allegations in Plaintiff's latest filing. See *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (defining frivolous allegations as those that are clearly baseless, fanciful, fantastic, or delusional). The Court therefore finds that further amendment would be futile and dismisses Plaintiff's Amended Complaint with prejudice.

**IT IS THEREFORE ORDERED:**

1.    Plaintiff's Amended Complaint (#17) is dismissed with prejudice.

2.    This matter is terminated.

ENTERED June 12, 2026.

s/ *Sue E. Myerscough*

_____

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**

6